**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

PEOPLE FOR THE ETHICAL TREATMENT  )
OF ANIMALS, INC.,                             )
                                          )
          Petitioner,                 )
                                          )
v.                                        )      Case No. CIV-20-1076-D
                                          )
JEFFREY LOWE, *et al.*,               )
                                          )
          Respondents.             )

# O R D E R

Two motions are presented for decision following the Order of November 30, 2020,

granting the Verified Petition to Perpetuate Evidence:  Petitioner's Emergency Motion for

Recognition of Substitute Service for Respondent Eric Yano or, in the Alternative,

Appointment of Counsel [Doc. No. 29], filed under Fed. R. Civ. P. 27(a)(2); and

Respondents Jeffrey Lowe and Lauren Lowe's Motion for Relief from Order [Doc.

No. 31], filed under Fed. R. Civ. P. 60(b)(5).  The Motions are fully briefed and at issue.[1]

## 1.      Substitute Service and Appointment of Counsel

By the November 30 Order [Doc. No. 27], the Court exercised its authority under

Rule 27 to order certain depositions to be taken under Rule 30 and to permit an entry onto

land under Rule 34 to inspect and photograph the property for the limited purpose of

---

[1]  The Court has considered the supporting and response briefs [Doc. Nos. 33 & 34] and Respondents' reply brief [Doc. No. 35].  The Court has disregarded Petitioner's Notice of Supplemental Authority [Doc. No. 36] because it does not comply with LCvR7.1(m) but, instead, is a supplemental brief filed without authorization.  *See* LCvR7.1(i).

identifying certain animals that Petitioner allegedly needs to inventory for a proposed action under the Endangered Species Act, 16 U.S.C. §§ 1531-1544.   Prior to the Order, Petitioner had not completed service of process on Respondent Eric Yano in the manner provided by Rule 4, and thus, the Order conditioned the depositions and inspection on service of Mr. Yano or, if service could not be completed, compliance with Rule 27(a)(2). *See* Order, ¶ 7 & n.1.  By a Notice filed December 4, 2020 [Doc. No. 28], Petitioner reported that diligent efforts to serve Mr. Yano by personal service or mail had been unsuccessful.

Petitioner's Motion asks the Court to authorize service for the purpose of Rule 27(a) by U.S. Postal Service mail delivery to a post office box in Pauls Valley, Oklahoma, that Mr. Yano provided as a forwarding address for mail sent to his last known residence address in Nevada.  Further, because the post office box mailing to Mr. Yano has already been made, Petitioner asks the Court to find this service is sufficient to satisfy Rule 27(a)(2) and allow the depositions to be taken.  The only timely response to the Motion, filed by Respondents Jeffrey and Lauren Lowe [Doc. No. 34], contains no objection to this request.

Based on the information provided by Petitioner in support of the Motion, and its prior filings, the Court finds that Rule 4 service on Mr. Yano cannot be made with reasonable diligence.  In this situation, Rule 27 authorizes the Court to "order service by publication or otherwise."  *See* Fed. R. Civ. P. 27(a)(2).  Under the circumstances shown by the Motion, the Court finds that Petitioner's mailing to Mr. Yano at his forwarding address provides reasonable notice to him in the most timely and effective manner that is available under the circumstances.   Therefore, the Court approves Petitioner's mail

delivery as acceptable substitute service on Mr. Yano for the purpose of this Rule 27 action and authorizes the depositions to proceed in accordance with this Order.

Rule 27(a)(2) mandates that "[t]he court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented."  In its Motion, Petitioner requests the appointment of Daniel J. Card, the attorney representing Respondents Jeffrey and Lauren Lowe, to represent Mr. Yano because "[n]ot only is Mr. Card familiar with this matter, but Mr. Card has also worked with Mr. Yano in a separate matter involving [Petitioner] and Mr. and Mrs. Lowe."  *See* Petr's Mot. at 4.  Petitioner "also requests that Mr. Card be appointed without assessing any fee or expenses for Mr. Card."  *Id.* (citing *De Wagenknecht v. Stinnes*, 250 F.2d 414, 418 (D.C. Cir. 1957)).  Mr. and Mrs. Lowe have responded to the Motion without objecting to these requests, and instead, Mr. Card affirmatively states:

> The undersigned does not have any objection to being appointed counsel for Mr. Yano for the purposes of the Rule 27 Petition only unless it becomes apparent there will be a conflict of interest going forward.  At this point, PETA's Petition does not appear to seek any relief that would involve Mr. Yano.

Resp. Br. [Doc. No. 34] at 1.  A review of the Petition confirms that Mr. Yano is named as an adverse party due to his position as "an Executive Partner in Tiger King LLC."  *See* Pet. [Doc. No. 1], ¶ 9.

Under these circumstances, the Court finds that the Rule 27(a)(2) requirement of counsel for an unserved party will be satisfied by appointing Mr. Card to represent Mr. Yano in the authorized depositions.  In reaching this conclusion, the Court has not determined whether a conflict exists or could exist between the interest of Mr. Yano and

other Respondents but, instead, will rely on counsel to raise any issue regarding a conflict of interest in the future, if a concern arises.  The Court further finds that Mr. Card does not need additional compensation for representing Mr. Yano because he will be attending the depositions on behalf of his existing clients, who are two of the deponents.

For these reasons, the Court finds that Petitioner's Motion regarding substitute service and appointment of counsel should be GRANTED.

### 2.    Rule 60(b) Relief

Respondents Mr. and Mrs. Lowe ask the Court to vacate the November 30 Order under Rule 60(b)(5), which authorizes relief from a final judgment or order if "applying it prospectively is no longer equitable."  *See* Respts' Mot. at 3.  Relying on facts regarding a stipulation entered in a related case, *United States v. Lowe*, No. CIV-20-423-JFH (E.D. Okla. Dec. 14, 2020), an inventory of animals provided in that case, and an inspection of the designated property by the U.S. Department of Agriculture (USDA) on December 15, 2020, Respondents assert that the November 30 Order authorizes depositions and an inspection for inventory purposes that are unnecessary and duplicative.  Respondents argue that the Order's "prospective inspection and depositions are a waste of resources (for both parties) and 'no longer equitable.'"  *See* Respts' Mot. at 4.  In response, Petitioner contends the Motion simply seeks reconsideration of issues that were argued at the November 30 hearing, fully considered by the Court, and rejected in issuing the Order.  *See* Resp. Br. [Doc. No. 33] at 1-2.

The provision of Rule 60(b)(5) invoked by Respondents typically allows relief from a consent decree or injunction where a change in circumstances renders enforcement no

longer equitable.  After examining Supreme Court case law regarding this provision, the Tenth Circuit has framed the proper analysis as follows:  "[T]he inquiry is whether the movant has shown (a) that a significant change in factual circumstances or in law warrants a revision of the decree, and (b) that the requested modification is suitably tailored to the changed circumstance."  *See Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1201 (10th Cir. 2018).  Upon consideration, the Court finds that Respondents have not satisfied either showing.

Respondents assert that the stipulation reached in the case recently filed against them by the United States under the Endangered Species Act and other authorities, effected a significant change in factual circumstances.  The stipulation resolved the government's motion for a preliminary injunction in that case; the motion was filed prior to the November 30 hearing in this case and its possible impact was considered by the Court in issuing the Order.  *See* Notice of Related or Companion Case [Doc. No. 25].  The Court does not find a significant change in circumstances has occurred simply because Respondents agreed to, and did, provide an inventory of the subject animals to the government and allowed the USDA to inspect the property at issue, as requested by the government's motion.  This type of factual development in the government's case was not unanticipated by the Court and does not make compliance with the Order substantially more burdensome.

Further, the Court does not find the requested modification – vacating the Order – to be suitably tailored to the changed circumstance.  The inventory provided to the government and the USDA inspection do not duplicate the relief provided by the Order,

which serves to perpetuate evidence for Petitioner's proposed citizen suit. The Order authorized Petitioner to depose three persons regarding specific subject matter; no sworn testimony was provided under the stipulation in the government's case. Also, the Order authorized an inspection of the facility for the limited purpose of taking still photography to identify and document the animals on site. The USDA inspection may or may not have satisfied this purpose, and any photographic record made by a party other than Petitioner might or might not provide admissible evidence for its case.

For these reasons, the Court finds that Respondents have failed to justify the requested Rule 60(b)(5) relief.

IT IS THEREFORE ORDERED that Petitioner's Motion for Recognition of Substitute Service for Respondent Eric Yano and Appointment of Counsel [Doc. No. 29] is GRANTED as set forth herein, and Respondents Jeffrey Lowe and Lauren Lowe's Motion for Relief from Order [Doc. No. 31] is DENIED.

IT IS SO ORDERED this 29th day of December, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge